UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**JEROME KENNEY ROBERTS**                                                                                         **PLAINTIFF**

**v.**                                                                **CIVIL ACTION NO. 4:21-CV-P78-JHM**

**HENDERSON COUNTY DETENTION CENTER**                                                       **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

This is a *pro se* civil-rights action brought by a convicted prisoner pursuant to 42 U.S.C. § 1983. The matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss one claim but allow others to proceed.

**I.**

Plaintiff was formerly incarcerated at the Henderson County Detention Center (HCDC). He lists HCDC as the Defendant in the caption of the complaint form. Plaintiff additionally lists the Kentucky Department of Corrections (KDOC) as a Defendant on the second page of the complaint form.

Plaintiff alleges that he is a Muslim and that when was incarcerated at HCDC, he was "denied my constitutional right to practice my religion." He states that was denied a prayer rug and a "Kufi." He also alleges that he was denied a "a proper Islam diet." He states that during Ramadan, he was not given adequate food and often missed meals due to the time at which they were served. Plaintiff alleges that the guidelines at HCDC are meant to "try and break [Muslims]."

As relief, Plaintiff seeks damages and that HCDC "update their guidelines to better fit Muslims."

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995).

## III.

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S.

635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. Defendant KDOC

Although Plaintiff makes no specific allegations against KDOC, he indicates that he named the agency as a Defendant because he was a "state inmate" during his incarceration at HCDC. The KDOC is an agency of the Commonwealth of Kentucky. *See* Ky. Rev. Stat. § 15A.020. A state and its agencies are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Additionally, the Eleventh Amendment acts as a bar to all claims for relief against the KDOC. A state and its agencies, such as the KDOC, may not be sued in federal court, regardless of the relief sought, unless the state has waived its sovereign immunity under the Eleventh Amendment, or Congress has overridden it. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144-46 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 119-24 (1984); *Alabama v. Pugh*, 438 U.S. 781, 781-82 (l978). In enacting § 1983, Congress did not intend to override the traditional sovereign immunity of the states. *Whittington v. Milby*, 928 F.2d 188, 193-94 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)). "[T]he Eleventh Amendment is a true jurisdictional bar" to such claims. *Russell v. Lundergan-Grimes*, 784 F.3d 1037, 1046 (6th Cir. 2015).

Thus, the Court will dismiss Plaintiff's claims against KDOC for failure to state a claim upon which relief may be granted.

### B. Defendant HCDC

Plaintiff's claims against HCDC are actually against Henderson County. *See Marbry v. Corr. Med. Servs.*, No. 99-6706, 2000 U.S. App. LEXIS 28072, at *5 (6th Cir. Nov. 6, 2000) (finding that the jail "is not an entity subject to suit under § 1983"); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (advising that since the county police department is not an entity which may be sued, the county is the proper party). For this reason, the Court will direct that Henderson County be substituted for HCDC as the remaining Defendant in this action.

The Court construes the complaint as asserting a First Amendment free-exercise claim and a claim under the Religious Land Use and Institutionalized Persons Act. Upon review, the Court will allow these claims to proceed against Henderson County.

### IV.

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's claims against Defendant KDOC are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

For the reasons set forth above, the **Clerk of Court** is **DIRECTED to terminate HCDC as a party to this action and to substitute Henderson County as the Defendant in its place**.

The Court will enter a separate Service and Scheduling Order to govern the claims it has allowed to proceed.

Date: January 12, 2022

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
　　 Defendants
　　 Henderson County Attorney
4414.011